UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD T. LINDEN, as personal
representative of the estate of
Omarion Humphrey,

Case No. 2:17-cv-14155

HONORABLE STEPHEN J. MURPHY, III

Plaintiff,

v.

BRADLEY DIXON, et al.,

Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [14] AND
ORDERING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS SHOULD
NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO SERVE**

On December 26, 2017, Plaintiff Howard T. Linden filed his complaint alleging that Defendants Bradley Dixon, Geneva Harvey, Kristen Nolen-Winfield, and Lasenette "Lulu" Richardson demonstrated unconstitutional deliberate indifference towards Omarion Humphrey—the decedent whose estate Linden represents. ECF 1.

On April 19, 2018, Defendants Dixon, Harvey, and Nolen-Winfield (collectively "Moving Defendants") filed a motion for summary judgment arguing that res judicata bars Plaintiff's claims against them. ECF 14. The Court reviewed the briefs and finds that a hearing is unnecessary. For the reasons stated below, the Court will grant Defendants' motion.

1

## BACKGROUND[1]

Decedent Omarion Humphrey was a nine-year old suffering from non-verbal autism requiring special services and supervision. ECF 1, PgID 3–4. Defendants Dixon, Harvey, and Nolen-Winfield worked for Alternatives for Children & Families, Inc. ("Alternatives"), a foster placement agency. ECF 14-6, PgID 157; 14-7, PgID 161; 14-8, PgID 165. According to the Complaint, Nolen-Winfield asked Michigan's Department of Human Services ("MDHS") that Humphrey "be removed from his family home[.]"ECF 1, PgID 4. A Michigan state court entered an order of removal. *Id.* Defendant Richardson then undertook to provide foster care to Humphrey. *Id.* at 5. Richardson was apparently unauthorized to care for and supervise autistic foster children. *Id.* at 6. Richardson eventually sought to surrender her license because of the difficulty caring for Humphrey. *Id.* at 6–7.

On July 4, 2015, while attending a Fourth of July party with Richardson and others at Lake Callis Recreation Complex in Davison, Michigan, Humphrey wandered away from the group. *Id.* at 7. About one hour later, park staff found Humphrey and returned him to Richardson. *Id.* Humphrey, again, wandered off. *Id.* This time, he was not found until six days later—he had drowned in Lake Callis. *Id.*

In December 2015, Plaintiff filed a state-court action against Alternatives and Lasenette "Lulu" Richardson. ECF 14, PgID 114–15. Plaintiff brought a claim against Alternatives for negligence. *See* ECF 14-3. Alternatives moved for summary disposition, the state court granted the motion, and the state court dismissed Alternatives with

---

[1] The Court's recitation of the facts does not amount to a finding of fact, but, given the standard for summary judgment, are construed in the light most favorable to the Plaintiff.

2

prejudice. *See* ECF 14-4, PgID 150. On December 28, 2016, the state court denied Plaintiff's motion for reconsideration. *See* Case No. 15-105945, *Linden v. Alternatives for Children & Families, Inc.*, (Genesee Cty. Cir. Ct.).[2]

On March 30, 2017, the state court ordered Plaintiff and Richardson to attend a mandatory settlement conference. *See id.* On December 26, 2017, Plaintiff filed his complaint in federal court. ECF 1. On February 22, 2018, after multiple adjournments of the state court-ordered settlement conference, Plaintiff and Richardson stayed the state court case pending completion of the companion federal case.

## STANDARD OF REVIEW

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And, although the Court may not make

---

[2] Docket Sheet for the state court case, http://www.co.genesee.mi.us/roaccsinq/Default.aspx (next to the boxes marked "Enter the Case #" input "15" in the first box and "105945" in the second box;" then click "Case Detail" box).

credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment. "[T]here must be evidence on which the jury could reasonably find for the plaintiff[.]" *Anderson*, 477 U.S. at 252.

**DISCUSSION**

Res judicata principles ordinarily govern the relationship between separate lawsuits about the same subject matter. 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4401 (3d ed. 2018). The concept governs two subtly different scenarios: (1) matters that parties previously litigated and a court decided; and (2) matters that parties did not previously litigate but should have raised. The first scenario is known as issue preclusion; the second is known as claim preclusion.[3]

If certain conditions exist, the doctrines bar a plaintiff from litigating particular issues or claims. The principles protect litigants from the burden of relitigating issues, promote judicial economy, and uphold comity between state and federal courts. *Allen v. McCurry*, 449 U.S. 90, 94, 96 (1980).

Here, Plaintiff's federal case implicates res judicata because, although he raises different legal claims than those raised in his state-court complaint, he relies on the same operative facts he relied on in his state claims. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because of a determination

---

[3] As Professors Wright and Miller note in their treatise, the terminology has fluctuated over time—which has often confused the doctrine. Claim preclusion is sometimes called res judicata or true res judicata; issue preclusion is sometimes called collateral estoppel. 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (3d ed. 2018). For clarity, the Court adopts the parties' terminology and will use res judicata to refer to claim preclusion.

that it should have been advanced in an earlier suit."). For the reasons set forth below, the Court finds that the Michigan state court's order granting summary disposition for Alternatives in *Linden v. Alternatives for Children & Families, Inc.*, *see* ECF 14-4, bars litigation of the issues against Moving Defendants.

I.   Res Judicata

Michigan law governs the Court's res judicata analysis. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (noting that federal courts "look to the state's law to 'assess the preclusive effect it would attach'" to a decision) (citing *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 557 (6th Cir. 1983)).

Under Michigan law, res judicata applies if the defendant demonstrates: (a) there was a final decision on the merits; (b) the actions involve the same parties or their privies; and (c) the matter in the latter case "was, or could have been resolved" by the earlier case. *Adair v. State*, 470 Mich. 105, 121 (2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001)).[4]

Michigan takes a "broad approach" to res judicata. *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 418 (2007) (citing *Dart v. Dart*, 460 Mich. 573, 586 (1999)). Under Michigan law, res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

---

[4] Plaintiff states the first element as requiring that the "first action was decided on the merits *via a final judgment*[.]" ECF 17, PgID 188–89 (emphasis added) (citing *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1 (2003) and *Bergeron v. Busch*, 228 Mich. App. 618 (1998)). But neither case employs the phrase "final judgment."

A. *A Final Decision on the Merits Exists.*

Moving Defendants argue that the state court's grant of Alternatives' motion for summary disposition and dismissal of Alternatives with prejudice constitutes a final decision. *See* ECF 14-4, PgID 150. Plaintiff maintains, however, that Defendant failed to satisfy the first element because the state court has not entered a final judgment against Alternatives. ECF 17, PgID 190–91.

"A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts." *Grimmer v. Lee*, 310 Mich. App. 95, 102 (2015). That is so because a resolution with prejudice "finally disposes of a party's claim and bars any future action on that claim." *With Prejudice*, Black's Law Dictionary (10th ed. 2014).

The state court's resolution of Alternatives' motion for summary disposition—alongside its denial of Plaintiff's motion for reconsideration—is a final decision on the merits. *See* Restatement (Second) of Judgment § 13, comm. b (Am. Law. Inst. 1982) (noting "a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court"); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4432 (2d ed. 2018) (explaining that a properly entered grant of summary judgment is a final judgment despite not terminating the entire action).

The Court finds the first prong is satisfied because the state court's decision is "the 'last word' of the rendering court." *Kosiel v. Arrow Liquors Corp.*, 446 Mich. 374, 381 (1994) (citation omitted).

B. *Parties are Privities.*

Moving Defendants are privities of Alternatives. Parties are in privity if they can "be so identified in interest" that the "first litigant represents the same legal right that the later litigant is trying to assert." *Adair*, 470 Mich. at 122 (citation omitted). Privity requires a "substantial identity of interests and a working functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation." *Id.* (citations and internal quotations omitted). Notably, the Sixth Circuit recognized that privity "is met when the previous governmental-unit Defendant" and the present-case Defendants "have an employer-employee relationship, regardless of whether the claims in the first suit were brought against Defendants in the same capacity as the claims in the second." *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010) (citing *Motuelle v. Ruffini*, No. 244557, 2004 WL 1254304, at *4 (Mich. Ct. App. June 8, 2004)). As such, "a determination of the issue in a suit brought against the principal bars an action against the agents." *De Polo v. Greig*, 338 Mich. 703, 710 (1954). The employer-employee relationship between Alternatives and Moving Defendants sufficiently establishes privity under Michigan law.

The Plaintiffs argue, however, that the employer-employee relationship is not sufficient because the parties lack a substantial identity of interests. In particular, Plaintiff avers that Alternatives would not have represented or protected Moving Defendants from the constitutional claims. But Moving Defendants' interests and those of Alternatives are, in a sense, identical. "A *Monell* claim requires an underlying constitutional violation to hold

7

a municipality liable," and if Moving Defendants are vindicated, then Alternatives necessarily would be too. *See Gentry v. Wayne Cty.*, No. 10-cv-11714, 2013 WL 12180801, at *7 (E.D. Mich. July 2, 2013). Second, "a *Monell* claim requires both an underlying constitutional violation and separate action by the municipality." *Id.* at 8 (quoting *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)). To fully defeat a *Monell* claim, therefore, Alternatives would have had to defend against the characterization of its employees' actions as unconstitutional. Moving Defendants' and Alternative's interests were sufficiently aligned and the parties are in privity.

C. *Issues Were or Could Have Been Litigated in Prior Action.*

Michigan's broad approach to res judicata bars litigation of "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 123 (citing *Sewell*, 463 Mich. at 575).

Here, Plaintiff's claims of unconstitutional indifference arise from the same transaction as the claims in state court. Moving Defendants' placement of Humphrey into Richardson's care undergirds the unconstitutional indifference claims. Plaintiff grounded his state negligence claim against Alternatives on the same conduct. Plaintiff, therefore, could have raised the unconstitutional indifference claims in state court, but chose not to.

Plaintiff refutes the conclusion by arguing that he could not have resolved the claims in state court as "presently constituted" because the individual defendants were not parties in the case. ECF 17, PgID 193. Plaintiff, however, could have joined Moving Defendants in the state court case. First, Michigan provides for permissive joinder. Second, Plaintiff's state-court complaint contemplated the existence of individual actors. *See, e.g.,* ECF 14-3, PgID 145 ("Defendant ALTERNATIVES, through its

8

agents/employees, breached the above described duties to Plaintiff's Decedent[.]"). Plaintiff was therefore aware that individual actors enacted Alternatives' placement policies.

Moreover, exceptions to res judicata for a change in or discovery of facts or alteration of legal principles do not apply. *See* ECF 17, PgID 188 (citing *Bennet v. Mackinac Bridge Auth.*, 289 Mich. App. 616, 636 n.10 (2010) and *Ditmore v. Michalik*, 244 Mich. App. 569, 581 n.5 (2001)). Plaintiff does not suggest facts have changed or been discovered or that legal principles have been altered.

Finally, Plaintiff's assertion that constitutional violations brought under § 1983 creates an exception to the general rules of res judicata is unavailing. State courts have jurisdiction over suits brought pursuant to § 1983. Additionally, §1983 "does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." *Migra*, 465 U.S. at 85. Plaintiff could have brought his present constitutional claims against Moving Defendants in state court with the exercise of reasonable diligence. Res judicata bars litigation of the claims here.

II.     Show Cause and the Rule 16 Conference

On July 3, 2018, Plaintiff instituted a separate civil rights action against Defendants Kristen Field, Susan Hull, Ebony Jeffries, Alisia Johnson, Lonia Perry, Christine Rehagan, Linda Tansil, Janice Tribble, and Alisia Wiggins ("Added Defendants"). ECF 22. Because the allegations and facts were nearly identical, the Court consolidated the cases. ECF 20. Plaintiff subsequently served Defendants Field, Jeffries, Johnson, Rehagan, Tansil, and Wiggins ("Served Defendants"). *See* ECF 26–31. The Served Defendants' responses to

9

the complaint were due on October 2, 4, 5, 9, and 11, 2018. ECF 26–31. They did not file responses.

Moreover, there is no proof of service for Defendants Hull, Perry, or Tribble. Mr. John F. Scszubelek and Ms. Kristin M. Heyse appeared on behalf of all the Added Defendants. *See* ECF 32–33. The Court will direct the Plaintiff to show cause why the case should not be dismissed for failure to prosecute and for failure to serve.

Finally, the Court indicated at its May 1, 2018 status conference that it would require the parties to appear for a Rule 16 Conference after disposition of the motion for summary judgment. The Court will wait to schedule the Rule 16 conference, however, until it determines which defendants remain.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants Dixon, Harvey, and Nolen-Winfield's motion for summary judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHOW CAUSE** in writing by **November 22, 2018** why the case against Defendants Field, Jeffries, Johnson, Rehagan, Tansil, and Wiggins should not be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that Plaintiff **SHOW CAUSE** in writing by **November 22, 2018** why Defendants Hull, Perry, and Tribble should not be dismissed for failure to serve within 90 days as required by Civil Rule 4(m).

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: November 15, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2018, by electronic and/or ordinary mail.

                                             s/ David Parker
                                             Case Manager