UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD T. LINDEN, as
personal representative of the
estate of Omarion Humphrey,

   Plaintiff,

v.

BRADLEY DIXON, et al.,

   Defendants.
           /

Case No. 2:17-cv-14155

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING STATE
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [50]**

On July 3, 2018, Plaintiff filed a complaint alleging that Defendants Kristen Field, Susan Hull, Ebony Jeffries, Alisia Johnson, Lonia Perry, Christine Rehagan, Linda Tansil, Janice Trible, and Alisia Wiggins ("State Defendants") demonstrated unconstitutional deliberate indifference towards Omarion Humphrey ("Decedent")—whose estate Linden represents. ECF 22.

On July 31, 2019, State Defendants filed a motion for judgment on the pleadings and argued that res judicata bars Plaintiff's claims against them. ECF 50. The Court reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will deny State Defendants' motion.

**BACKGROUND**

Decedent was a nine-year old who suffered from non-verbal autism that required special services and supervision. ECF 22, PgID 291. State Defendants all worked for the State of Michigan Department of Health and Human Services

1

("MDHHS"). *Id.* at 289–91. Prior to Humphrey's death, Defendant Field petitioned the Oakland County Circuit Court and requested that Decedent be removed from his family's home. *Id.* at 291. The state court granted Field's petition, but the Court nonetheless made Defendants Field, Johnson, and Jeffries responsible for Decedent's custody, care, and supervision. *Id.* at 292. Defendants Fields, Johnson, and Jeffries were unable to find an appropriate foster home for Decedent in Oakland County, so they searched Genesee County for a foster parent and home. *Id.* at 292–93. They found Defendant Richardson and decided to place Decedent in her care. *Id.* at 293. Humphrey was placed in Richardson's care even though Richardson was not licensed to care for him; she asked to surrender her foster parent license and to stop providing foster services, but Decedent remained in her custody. *Id.* at 293–95. While in Richardson's custody Decedent attended a Fourth of July party at Lake Callis in Davison, Michigan, he wandered away from Richardson, drowned in the lake, and was found dead six days later. *Id.* at 295.

In December 2015, Plaintiff filed a state-court action against Defendants Alternatives for Children & Families, Inc. ("Alternatives") and Richardson. ECF 14, PgID 114–15. Alternatives moved for summary disposition; the state court granted the motion and dismissed Alternatives with prejudice. ECF 14-4, PgID 150. On December 26, 2017, Plaintiff filed his complaint against Alternatives and Richardson in federal court. ECF 1. On July 3, 2018, Plaintiff filed a complaint against State Defendants. ECF 22. On November 15, 2018, the Court granted Alternatives' motion

2

for summary judgement. ECF 34. And on July 31, 2019, State Defendants filed the present motion for judgment on the pleadings. ECF 50.

## LEGAL STANDARD

The Court must analyze a Rule 12(c) motion for judgment on the pleadings with the same standard it would employ for a 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The Court accepts as true all well-pleaded material allegations and draws reasonable factual inferences in favor of the non-moving party, but it "need not accept as true legal conclusions or unwarranted factual inferences." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must not only "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), but also must "'raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.'" *Hensley*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555, 570). It is not enough to merely offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When deciding a 12(c) motion, the Court may also refer to a document that "is referred to in the pleadings and is integral to the claims" or "consider matters of public record." *Commercial Money Center, Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) (citing *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001)).

## DISCUSSION

State Defendants argue that res judicata bars Plaintiff's claims. ECF 50, PgID 519. The Court "must give the same preclusive effect, under the doctrine[] of res judicata . . . to state court judgments that those judgments would receive in the courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999) (citing *Migra v. Warren City Sch. Bd. of Educ.*, 465 U.S. 75, 85 (1984)). Here, Michigan law on res judicata.

The doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004) (citing *Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569, 575 (2001)). Res judicata is broadly construed in Michigan. It "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Dart v. Dart*, 460 Mich. 573, 586 (1999)).

I. <u>The Prior Action</u>

State Defendants allege that Plaintiff's complaint is barred by the Genesee County Circuit Court's grant of summary disposition in favor of Alternatives with prejudice. ECF 50, PgID 522. "A dismissal with prejudice amounts to an adjudication on the merits and bars a further action based on the same facts." *Grimmer v. Lee*, 310 Mich. App. 95, 102 (2015). The Court already found that "[t]he state court's resolution of Alternatives' motion for summary disposition—alongside its denial of Plaintiff's motion for reconsideration—is a final decision on the merits." ECF 34, PgID 339

4

(citing Restatement (Second) of Judgment § 13, comm. b (Am. Law. Inst. 1982) ("noting 'a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court"); *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision; generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment")).

Thus, the prior action was decided on the merits because the state court's decision was the "the 'last word' of the rendering court." *Kosiel v. Arrow Liquors Corp.*, 446 Mich. 374, 381 (1994) (citations omitted).

II. <u>Privity of the Parties</u>

State Defendants next argue that they are in privity with Alternatives. ECF 50, PgID 524. Parties are in privity if they can "be so identified in interest" that the "first litigant represents the same legal right that the later litigant is trying to assert." *Adair*, 470 Mich. at 122 (citations omitted). Privity requires a "substantial identity of interest and a working functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation." *Id.* (citations and internal quotations omitted). Privity is usually established when the party and nonparty "have an employer-employee relationship," *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010), or a principle-agent relationship, *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999–1000 (6th Cir. 2009). But privity is not established when there is an independent contractor relationship between the party and the nonparty. *See Williams v. Logan*, 184 Mich. App. 472, 478 (1990) ("[a]lthough

defendants had an interest in the sense that they were to receive fees for their services, we are not persuaded that such an interest made them privies; it merely made them independent contractors. . . .").

The agreement between the State Defendants and Alternatives defines "[t]he relationship between" the parties as one "of client and independent contractor." ECF 50-2, PgID 556. Because the parties' own agreement describes the relationship as one involving an independent contractor and because State Defendants have failed to refute the status of the relationship, the Court finds that no privity exists between State Defendants and Alternatives. Without privity, State Defendants' motion fails.

III. Litigation of the Matter in the Prior Action

The Court will not reach the third *Adair* factor because State Defendants were not in privity with Alternatives. The Court will therefore deny the motion for judgment on the pleadings.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that State Defendants' motion for judgment on the pleadings [50] is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: December 5, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager